

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 DEC -6  AM 11: 43
DEC - 6 2000
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DURIEL HARRIS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 98-3164** |
| **LAKESIDE IMPORT, INC.** <br> **d/b/a LAKESIDE TOYOTA** | **SECTION: "L" (4)** |

## ORDER AND REASONS

On November 21, 2000, the defendant, Lakeside Imports, Inc. d/b/a Lakeside Toyota ("Lakeside"), pursuant to 54 (d)(2) of the Federal Rules of Civil Procedure filed a **Motion for Attorney Fees and Costs (doc#43)** seeking to recover attorneys' fees arising out of the defense of the plaintiff's civil rights claim filed pursuant to 42 U.S.C. 2000-e.

### I.   Factual Summary

The plaintiff, Duriel Harris, filed suit contending that he was subjected to racial slurs while working for Lakeside Toyota as a salesperson. Mr. Harris contended that while working for Lakeside, a co-salesperson referred to him as a "nigger" in front of two Caucasian customers although outside of his presence. The customers were offended by the language, complained to the sales manager and the co-salesperson was terminated.

Later the co-salesperson was rehired in the used car department. A few weeks after being hired in the used car department, the salesperson was transferred back to new car sales. Harris

DATE OF ENTRY
DEC  6 2000

Fee____
Process____
Dktd____
CtRmDep____
48

does not allege that this co-employee continued to use inappropriate and hostile language in the work place. Instead he alleged that on one occasion a rebel flag was placed in his work station. He did not know who placed the flag in his work area and nor did he complain about his observations.

After two days of trial, the undersigned granted a Judgment on the merits in favor of the defendant, finding that the plaintiff did not meet his burden of proving that the harassment was severe and pervasive such that it affected his ability to function in the work place. Lakeside was therefore, the prevailing party.

The issue raised is whether the plaintiff's claim was frivolous or without foundation such that the prevailing defendant, Lakeside, should be permitted to recover attorneys' fees. The Court will now address the issue.

I.   **Standard of Review**:

A prevailing defendant may attain prevailing party status in limited circumstances. The standard for determining when a defendant is entitled to prevailing party status was set forth in *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). In *Christianburg,* the court held that subject to the district court's discretion, attorney's fees may be awarded to a prevailing defendant, only if the plaintiff's action was "frivolous, unreasonable or without foundation."

A suit is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation. *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999)(quoting *Plemer v. Parsons-Gilbane*, 73 F.2d 1127, 1140-41(5th Cir. 1983)). In determining whether a suit is frivolous, the district court will look at factors such as whether the plaintiff established a prima

2

facie case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial. *United States v. Mississippi,* 921 F.2d 604, 609 (5th Cir. 1991).

Even though an inquiry into an award of attorney's fees is individualized, specific examples of awards that have been reversed illustrate the policy behind the rule enunciated in *Christianburg*. For example, in *EEOC v. Kenneth Balk & Assoc.,* 13 F.2d 197 (8th Cir.1987). The EEOC filed a Title VII action on behalf of a former employee, alleging that the employer had discharged her on the basis of race.

The case was tried for three days before the court continued the matter to permit the parties to conduct additional discovery. The court then heard more evidence and granted the parties time to file post-trial briefs and proposed findings of fact and conclusions of law. Ultimately, judgment was entered in favor of the employer; the court awarded attorney's fees; and the EEOC appealed. The Eighth Circuit Court of Appeals ruled that the district court misapplied the *Christianburg* standard. *Kenneth,* 813 F.2d at 198.

The procedural history of the case suggested that the EEOC's claim was not baseless, as the employer neither sought a pretrial dismissal nor moved for summary judgment or a directed verdict. In addition, the district court permitted the parties to file post-trial briefs and proposed factual and legal conclusions. Furthermore, the district court's findings of fact and conclusions of law disclosed that the court's ruling was based upon its credibility determinations. Thus, the record suggested that the EEOC had some basis for its claim, and the Court of Appeals reversed the award of counsel fees. *Id.*

In contrast, the appellate court affirmed the district court's award of attorney's fees to a prevailing defendant, where the plaintiff failed to conciliate, a jurisdictional condition precedent

3

to a suit by the EEOC. *See EEOC v. Pierce Packing Co.*, 669 F.2d 605 (9th Cir. 1982). An award of attorney's fees to a prevailing defendant was also approved in *Gipson v. Roseberg* 797 F.2d 224 (5th Cir. 1986), *cert. denied*, 481 U.S. 1007 (1987), where the plaintiff's § 1983 claim was summarily dismissed for lack of subject matter jurisdiction. Other cases in this circuit typically have been deemed frivolous where the district court decided a summary disposition motion in the defendant's favor. *See, e.g., Church of Scientology v. Cazares,* 638 F.2d 1272 (5th Cir. 1981); *Jones v. Dealers Tractor and Equipment Co.*, 634 F.2d 180 (5th Cir. 1981). *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995) (citations omitted).

In the case at bar, the defendant did not file any dispositive motions. Instead, the matter proceeded to trial and lasted two days. The Court received testimony from both the plaintiff and the defendant. After evaluating the testimony of the witnesses presented at trial, the court concluded that Mr. Harris did not prove that the harassment was continuing and pervasive. The claim was not baseless. In fact, the defendant moved for dismissal after the close of the plaintiff's case which was denied by the Court.

**IT IS ORDERED ADJUDGED AND DECREED** that the **Motion for Attorneys Fees (doc #43) is DENIED.**

New Orleans, Louisiana, this ___ day of December, 2000.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE